[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 31, 2006
THOMAS K. KAHN
CLERK

No. 05-14426
Non-Argument Calendar
_____

D. C. Docket No. 05-00005-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW B. SHIVERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

**(January 31, 2006)**

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Matthew B. Shivers appeals his conviction for being a felon in possession of

a firearm, in violation of 18 U.S.C. §§ 922(g)(1). Relying on our decision in United States v. Maxwell, 386 F.3d 1042 (11th Cir. 2004), cert. granted and judgment vacated 126 S.Ct. 321, cert. denied, 126 S.Ct. 82, Shivers contends that the indictment should have been dismissed on the ground that 18 U.S.C. § 922(g) is an unconstitutional exercise of Congress' commerce power.

Our decision in Maxwell is inapposite since the Supreme Court has vacated it and remanded the case for further consideration in light of its holding in Gonzales v. Raich, 545 U.S. __, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005). Moreover, both before and since our decision in Maxwell, we have held repeatedly that 18 U.S.C. § 922(g) is constitutional. See e.g. United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996) (holding that 18 U.S.C. § 922(g) is constitutional because the firearm in question had once traveled in interstate commerce); United States v. Wright, 392 F.3d 1269, 1280 (11th Cir. 2004), cert. denied, 125 S.Ct. 1751 (2005). Shivers's conviction is therefore due to be affirmed.

**AFFIRMED.**